UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELOISE NOLLEY | CIVIL ACTION NO. 23-cv-1772 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BROOKSHIRE GROCERY CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Eloise Nolley ("Plaintiff") filed this action against Brookshires arising from a fall in a store parking lot. Plaintiff propounded written discovery requests, and Brookshires served responses. On Friday, March 28, 2025, counsel for Brookshires received a letter from Plaintiff's counsel that raised general objections to the adequacy of Brookshires' discovery responses. The letter stated that Plaintiff's counsel hoped that they could resolve the issues and receive answers before she had to file a motion to compel on the following Monday, March 31, which was the discovery deadline.

Plaintiff then filed a Motion to Compel (Doc. 32) on the following Monday. Brookshires filed in response a memorandum in opposition and a motion to strike; each raised the same argument. Brookshires complained that Plaintiff did not comply with the requirements of Federal Rule of Civil Procedure 37 and Local Rule 37.1 to confer in good faith before filing a discovery motion. The court issued an order (Doc. 37) and directed Plaintiff to file a reply memorandum by April 10, 2025 and address the issues raised in both the memorandum in opposition and the motion to strike. Plaintiff was also asked, if

she wished to withdraw her motion or concede any issues, to do so expressly in the reply. The April 10 deadline has passed, and Plaintiff has filed nothing.

Local Rule 37.1 requires that a motion relative to discovery be accompanied by a certificate of counsel for the movant stating that counsel has conferred "in person or by telephone" for the purpose of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to confer after reasonable notice. The rule also places the responsibility on counsel for the movant to arrange the conference.

Brookshires represents that Plaintiff's counsel did not comply with this requirement, and counsel for Plaintiff has not challenged that representation despite a directive from the court that she file a reply memorandum and address the issue. The undersigned has denied discovery motions for failure to comply with this local rule and observed that a mere exchange of letters is insufficient. See, e.g., Johnson v. Coca-Cola Enterprises, Inc., 2006 WL 1581218 (W.D. La. 2006). Given the absence of any indication that Plaintiff's counsel complied with the meet and confer requirement of Local Rule 37.1, Plaintiff's **Motion to Compel (Doc. 32)** is **denied**.

Brookshires' **Motion to Strike (Doc. 35)** is **denied as moot**. Not every ground to deny a motion also warrants striking the motion. Denial is enough.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of April, 2025.



Mark L. Hornsby
U.S. Magistrate Judge