**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ELOISE NOLLEY                           CIVIL ACTION NO. 23-1772

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

BROOKSHIRE GROCERY COMPANY              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Summary Judgment (Record Document 30) filed by Defendant Brookshire Grocery Company ("Brookshire's"). Brookshire's seeks dismissal with prejudice of Plaintiff Eloise Nolley's ("Nolley") claims which arise out of an alleged slip-and-fall in Brookshire's parking lot. Brookshire's maintains that Nolley cannot satisfy her burden of production under the applicable statute. See Record Document 30. Nolley has failed to oppose Brookshire's Motion. For the reasons contained herein, Brookshire's unopposed Motion for Summary Judgment (Record Document 30) is **GRANTED**. All of Nolley's claims against Brookshire's are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

The present suit arose from an alleged slip-and-fall in Brookshire's parking lot on or about December 24, 2021. See Record Document 1-3. On that date, Nolley was shopping at a Brookshire's grocery store. See id. She claims she stumbled on a sign under the vehicle when she was returning to it which caused her to fall and sustain various injuries. See id. She further alleged, on information and belief, that her fall was caused

by Brookshire's negligence because employees knew of the hazard posed by the sign and no effort had been made to ensure patrons would not be injured or fall. See id. These allegations were set forth in Nolley's Petition filed in the 26th Judicial District Court, Webster Parish, State of Louisiana on December 22, 2022. See Record Document 1-3. The action was thereafter removed to this Court pursuant to 28 U.S.C. § 1441(b).

On March 5, 2025, Brookshire's filed its Motion for Summary Judgment where it maintains that Nolley is unable to meet her burden of production as it pertains to the elements of her LMLA claim because there is insufficient support to satisfy any of those elements. See Record Document 30-1. This assertion is supported by Brookshire's Statement of Uncontested Material Facts (Record Document 30-2) and Nolley's deposition (Record Document 30-4). Nolley has not filed anything opposing Brookshire's Motion.

During Nolley's deposition, she conceded that she did not see the sign until after she fell when the sign was pulled out from under the vehicle by Brookshire's employees. See Record Document 30-4 at 9-10. Furthermore, she admitted the following: (1) she did not think the sign was there when she went into the store; (2) does not know how long the sign was under the vehicle or how it got there; and (3) that she has no knowledge of any of Brookshire's employees having knowledge of the sign's presence under the vehicle prior to her fall. See id. at 10-12.

**LAW AND ANALYSIS**

I.    **Summary Judgment Standard.**

Rule 56(a) of the Federal Rules of Civil Procedure provides, "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-24, 106 S. Ct. 2548, 2552-53 (1986) (finding such a showing may be made by a defendant pointing to a factual deficiency in the record that makes it apparent that the non-movant has failed to meet its burden of production rather than requiring the movant to affirmatively negate each element of the non-movant's claim).  "Genuine disputes of material fact are present where a reasonable jury could find for the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When a movant attempts to make such a showing, the court must construe all facts and inferences in the light most favorable to the non-movant. Id.

II.    **LOUISIANA MERCHANT LIABILITY STATUTE.**

Because the Court's jurisdiction for this suit is based on diversity of citizenship, the Louisiana Merchant Liability Statute ("LMLA"), which is found in Louisiana Revised Statutes § 9:2800.6, applies to Nolley's claim that Brookshire's failed to meet its duty of care to keep its premises free of hazardous conditions. See Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009); see also Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). Louisiana courts apply the LMLA to claims involving incidents in parking lots on a merchant's premises. See e.g. Waddles v. Brookshire Grocery

Co., 50,150 (La. App. 2d Cir. 9/30/15), 181 So.3d 772, 778;  Davis v. Cheema, Inc., 14-1316 (La. App. 4th Cir. 5/22/15), 171 So.3d 984, 988.

The LMLA imposes a duty on merchants, like Brookshire's, to make a "reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LA. REV. STAT. § 9:2800.6(A). When a negligence claim is brought against a merchant alleging breach of this duty, as is the claim asserted by Nolley, the claimant must satisfy the burden imposed by each of the following elements, in addition to all other elements of her cause of action:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

LA. REV. STAT. § 9:2800.6(B).

Accordingly, Louisiana courts have found that, "[t]he burden of proof [under the statute] does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." Ferrant v. Lowe's Home Centers, Inc., 494 F. Appx. 458, 460 (5th Cir. 2012) (quoting Melancon v. Popeye's Famous Fried Chicken, 59 So.3d 513, 515 (La. App. 3rd Cir. 2011), (citing White v. Wal–Mart Stores, Inc., 699 So. 2d 1081 (La.1997)).

The first element requires that the condition at issue presented an unreasonable risk of harm that was reasonably foreseeable. LA. REV. STAT. § 9:2800.6(B)(1). Louisiana courts test whether the condition presented an unreasonable risk of harm by applying a

risk-utility balancing test where "[t]he trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others." <u>Reed v. Wal-Mart Stores, Inc.</u>, 708 So. 2d 362, 365 (La. 1998) (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 31 (5th ed. 1984)). The Louisiana Supreme Court applies this test by considering "(1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs' activities in terms of its social utility, or whether it is dangerous by nature." <u>Pryor v. Iberia Parish Sch. Bd.</u>, 60 So.3d 594, 597 (La. 2011) (applying the risk-utility test used in <u>Reed</u> to an incident involving the school stadium's bleacher to determine if it presented an unreasonable risk of harm); <u>Bearden v. K & A of Monroe, LLC</u>, 55,746 (La. App. 2d Cir. 7/17/24), 399 So. 3d 515, 521 (quoting <u>Pryor</u> and applying the above factors to a claim governed by LA. REV. STAT. § 9:2800.6).

The second element requires that the merchant either created the condition or had actual or constructive notice of it prior to the incident prompting the complaint. LA. REV. STAT. § 9:2800.6(B)(2).

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

LA. REV. STAT. § 9:2800.6(C)(1).

The Louisiana Supreme Court has explained that "[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for

some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." <u>White</u>, 699 So. 2d at 1084. The requisite showing need not meet any specific quantifiable standard, but rather, must convince the fact finder that the merchant would have discovered the condition had it exercised reasonable care. <u>See</u> <u>id</u>.

The third element requires the claimant to show that the merchant failed to exercise reasonable care with respect to the condition. <u>See</u> LA. REV. STAT. § 9:2800.6(B)(3). This element concerns the merchant's actions or omissions in dealing with the condition at issue or their procedures as they relate to the possibility of such conditions being present. <u>See</u> <u>Carter v. Brookshire Grocery Co.</u>, 29,166 (La. App. 2d Cir. 2/26/97), 690 So. 2d 933, 937, <u>writ denied,</u> 97-0782 (La. 5/1/97), 693 So. 2d 734 (finding that where a merchant's "wet floor" signs were not oriented properly, the merchant did not exercise reasonable care).

## III.   Analysis

Brookshire's Motion for Summary Judgment claims that Nolley cannot meet her burden under any of the above elements because she has not come forth with evidence capable of making the requisite showing. <u>See</u> Record Document 30-1 at 3. Nolley has not opposed the Motion; therefore, this Court, in its consideration of the Motion for Summary Judgment, will only consider the materials properly before it as they are presented with Brookshire's Motion. The Court is not required to search the record for materials in support of Nolley's claim. <u>See</u> <u>Skotak v. Tenneco Resins, Inc.</u>, 953 F.2d 909, 915 (5th Cir. 1992), <u>opinion corrected</u> Mar. 26, 1992. Still, summary judgment may not be granted solely because there is no opposition. <u>See</u> <u>Swafford v. Experian Info. Solutions, Inc.</u>, No. 18-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); <u>see also</u> <u>Day v. Wells Fargo</u>

Bank Nat'l Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)). Accordingly, the materials set forth with Brookshire's Motion will be viewed in the light most favorable to Nolley to determine whether there is a genuine dispute of material fact.

### A. DID BROOKSHIRE'S HAVE NOTICE?

Like other courts, this Court will mainly focus on the most easily dispositive issue in this case, which is whether the merchant had notice of the condition. See e.g. Coleman v. Wal-Mart Stores, Inc., 98-0124 (La. App. 1st Cir. 11/6/98), 721 So. 2d 1068, 1072 (considering only the notice requirement when defendant contested multiple elements).

Nolley admits the following: (1) she did not see the sign until after she fell; (2) she did not think the sign was there when she went into the store; (3) does not know how long the sign was under the vehicle or how it got there; and (4) she has no knowledge of any of Brookshire's employees having knowledge of the sign's presence under the vehicle prior to her fall. See Record Document 30-4 at 10-12. Therefore, Nolley cannot establish, and does not attempt to establish, that Brookshire's created the condition. Furthermore, she directly contradicts the proposition in her Complaint that she believes the condition was known to employees. See Record Document 1-3 at 2.

Additionally, Nolley is unable to establish that the condition existed for any time before her fall. The instant case falls directly within the scope of the Louisiana Supreme Court's rule that "[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." White, 699 So. 2d

at 1084. On the basis of these facts, a reasonable jury could not find that Brookshire's created or had notice of the condition; therefore, there is no genuine issue of material fact pertaining to this element.

## B. DID THE SIGN PRESENT AN UNREASONABLE RISK OF HARM AND DID BROOKSHIRE'S ACT WITH REASONABLE CARE?

Even though Nolley has failed to meet her burden on summary judgment with respect to the second element, the Court will briefly address the first and third elements.

With respect to the first element of Nolley's LMLA claim, there is a distinct lack of information about the sign Nolley allegedly stumbled on. All that is clear is that some sign was under the vehicle Nolley was walking toward before her fall, and it was pulled out from under the vehicle thereafter. See Record Document 30-4 at 9-10. Presumably, the sign must have fallen from its designated place to end up under the vehicle, but the Court does not know and will not speculate as to what kind of sign it was, how large it was, where it came from, or how it came to be under the vehicle. The same absence of relevant facts appears when this Court attempts to analyze the third element. The facts presented are simply devoid of information that would be useful. Again, any attempt to engage in analysis of this element would be purely speculative.

In such circumstances, this Court is not obligated to theorize arguments Nolley may make in opposition to Brookshire's Motion or otherwise partake in conjecture. As the Fifth Circuit has stated,

> We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*

Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Therefore, these elements also suffice as grounds for summary judgment because the minimal facts presented could not, under any construction, allow a reasonable jury to find in favor of Nolley and do not indicate a genuine issue of material fact.

In this case, Nolley bears the burden of proving each element, and her failure to set forth a genuine issue of material fact pertaining to any of the elements creates grounds for granting Brookshire's Motion for Summary Judgment. Because this standard is not satisfied, summary judgment is appropriate.

## CONCLUSION

Based on the foregoing analysis, this Court finds there are no genuine issues of material fact, and Brookshire's is entitled to judgment in its favor as a matter of law. Accordingly,

Brookshire's Motion for Summary Judgment (Record Document 30) shall be **GRANTED**, and Nolley's claims are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of June, 2025.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT