UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ELOISE NOLLEY | CIVIL ACTION NO. 23-1772 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BROOKSHIRE GROCERY CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate the Court's previous Memorandum Ruling and Order filed by Plaintiff Eloise Nolley ("Nolley"). See Record Document 44. Brookshire Grocery Co ("Brookshire's") opposed. See Record Document 46. Nolley replied. See Record Document 49. For the reasons set forth below, Nolley's Motion to Vacate (Record Document 44) is **DENIED**.

**BACKGROUND**

A more detailed recitation of the facts can be found in the Court's previous Memorandum Ruling. See Record Document 42. On June 2, 2025, the Court granted Brookshire's motion for summary judgment ("Brookshire's motion"), dismissed Nolley's claims with prejudice, and entered a Judgment closing the case. See Record Documents 42 & 43. On June 9, 2025, Nolley filed a Motion to Vacate that Ruling and Judgment pursuant to Rule 59(e). See Record Document 44. She asserts that a pretrial status conference or hearing should have been set prior to the Court rendering a Judgment. See id. at 1.

Brookshire's opposes, arguing that Nolley failed to raise any arguments or evidence before the Court granted summary judgment. See Record Document 46 at 3.

Furthermore, it contends that she does not cite any authority for her Motion and did not file a memorandum explaining the legal basis for her request for the Court to alter or amend its Judgment. See id. Brookshire's advances that Nolley's motion to compel was ultimately denied for her counsel's failure to comply with the Court's local rules. See id. at 4. Brookshire's avers she has not presented any evidence and cannot show any manifest error. See id.

Nolley responds, asserting that summary judgment should not have been granted prior to setting new discovery deadlines. See Record Document 49 at 2. She contends that she timely brought outstanding discovery issues to the Court's attention through her motion to compel. See id. at 3. Nolley argues Magistrate Judge Hornsby's denial of her motion to compel was explicitly based on mootness due to the granting of her motion for extension of discovery deadlines. See id. Thus, she submits that at the time of the ruling on summary judgment, it was clear to the Court that essential discovery remained outstanding and that the discovery period was expected to be reopened. See id.

## LAW AND ANALYSIS

**I. Federal Rule 59(e).**

A motion under Rule 59(e) "'calls into question the correctness of a judgment.'" Marcello v. Allied Trust Ins. Co., No. 24-1035, 2025 WL 754329, at *2 (E.D. La. Mar. 10, 2025). Under Rule 59(e), a movant must show that their requested relief "is necessary for at least one of the following reasons: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to consider newly discovered or previously unavailable

evidence; (3) to prevent manifest injustice; or (4) to address an intervening change in the controlling law." Id.

A court may alter or amend a judgment using Rule 59(e); however, this rule cannot be used "'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Id. (internal citations omitted). Furthermore, "[i]n deciding the outcome of a Rule 59(e) motion, the court must balance 'two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.'" Id. A district court has broad discretion to grant or deny a Rule 59(e) motion, and "the grant of such a motion is an 'extraordinary remedy that should be used sparingly.'" Id.

**II. Analysis.**

As an initial matter, the Court finds that Nolley's Motion is not in compliance with Local Rule 7.1, as it does not include a memorandum. The only motions that do not require a memorandum are the following: (1) extension of a deadline; (2) continuance of a conference, hearing, or trial; (3) amending or supplementing a pleading; (4) joint motion to dismiss or consolidate; and (5) withdraw as counsel. See LR 7.2. Since the instant Motion does not fall within this list, it required a memorandum explaining the factual basis for the relief requested and citing any applicable legal authority. See id. Nolley failed to comply with this Court's Local Rules; nevertheless, the Court will analyze the merits of the instant Motion.

In exercising its discretion, the Court finds that Nolley has failed to meet the requirements under Rule 59(e) to vacate its previous Judgment. She cannot demonstrate

3

"any manifest error of law or fact upon which the judgment is based, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in the controlling law." Gabriel v. Am. Sec. Ins. Co., No. 23-1333, 2023 WL 6160915, at *3 (E.D. Sept. 21, 2023). Rather, Nolley raises for the first time arguments that could have and should have been asserted in her opposition to Brookshire's motion. See id. On March 6, 2025, the Clerk of Court issued a Notice of Motion Setting as to Brookshire's motion, giving Nolley 14 days to file an opposition. See Record Document 31. She did not request an extension and simply missed the deadline.

On April 4, 2025, Nolley filed a motion to continue trial and extend certain deadlines; however, her deadline to oppose Brookshire's motion was not included in this list of requested extensions. See Record Document 38. Therefore, Magistrate Judge Hornsby's Order granting the continuance and extending certain deadlines did not include an extension to oppose Brookshire's motion. Additionally, Magistrate Judge Hornsby denied Nolley's motion to compel for her counsel's failure to comply with the meet and confer requirement of Local Rule 37.1, not merely because his Order extended certain discovery deadlines. See Record Document 41 at 2.

From the Court's review of the record, it was not the Court's intention to extend Nolley's deadline to oppose Brookshire's motion, and thus, the Court was not prohibited from ruling on it. Nolley has failed to meet any of the requirements to satisfy Rule 59(e); therefore, the Court's previous Memorandum Ruling and Judgment remain.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Nolley's Motion to Vacate (Record Document 44) is **DENIED**. The Court's previous Memorandum Ruling and Judgment (Record Documents 42 & 43) remain.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 30th day of June, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE